IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,
     Plaintiff

v.                                      Cr. No. 19-CR-10138

JONATHAN YORK,
     Defendant

**POSITION OF PARTIES WITH RESPECT TO SENTENCING FACTORS
(DEFENDANT)**

Comes now the Defendant, Jonathan York, by and through his attorney of record, Steven L. West, and pursuant to Local Cr. Rule 32.1(d), United States District Court, Western District of Tennessee, files this pleading to advise the Court that the Defendant has the following objections and positions as to the presentence report filed in this cause:

The Defendant objects to a 2-level increase at page 14, number 54, "Adjustment for Obstruction of Justice".

On or about February 28, 2020 the Defendant did participate in a proffer for which there was a proffer letter of agreement dated February 26, 2020 and signed February 28, 2020. A copy of that letter is attached.

At the third paragraph it states in relevant part:

> "The government agrees that, pursuant to Sentencing Guidelines §
> 1B1.8, any information provided by him during the proffer, to the
> extent that it was unknown to the government, should not be used in
> the calculation of the sentencing guideline range."

It is the belief of Counsel for the Defendant that the Defendant gave truthful and honest information, some of which was unknown to the government, to the degree that it should not be used in the calculation of the sentencing guideline range, especially in as much as counsel for the

Defendant believes that at least one of the other co-defendants was implicated at the proffer by the Defendant with information previously unknown to the Government. Defendant also indicated he would be willing to testify at trial if needed.

It is acknowledged that this concern could possibly be remedied in full or in part by a 5K1.1 Motion or a Motion Pursuant to 21 U.S.C. § 3553E or a Rule 35 Motion by the Government on behalf of the Defendant. Counsel for the Defendant acknowledges that the filing of the aforementioned Motions on behalf of the Defendant are totally at the discretion of the Prosecution. However, Counsel for the Defendant wanted to raise this issue in the Position paper so the rights of the Defendant would be protected pursuant to the proffer agreement.

At page 21, number 104, of the Presentence Investigation Report the Parole Officer indicates there are no alternatives to incarceration in this case. This statement could be one of semantics.

In any event, the Defendant asks the Court to consider 18 U.S.C.A. § 3563 as an alternative sentence to incarceration should the Court's decision as to range of punishment permit. The Defendant is employed and is providing support for his children.  The Defendant is currently released on bond and does not pose a threat to the community. The Defendant is a suitable candidate to be considered for an 18 U.S.C.A. § 3563 sentence, the appropriate sentencing range permitting.

Wherefore it is respectfully requested that the Court consider 18 U.S.C.A. § 3563 as an alternative sentence to incarceration by his being sentenced to a range of punishment permitting location monitoring with specific restrictions ordered by this Honorable Court.

This the 14th day of December 2020.

Respectfully submitted,

/s/Steven L. West
Steven L. West, BPR #012326
Attorney for Defendant Jonathan York
WEST & WEST, ATTORNEYS AT LAW
P.O. Box 687
Huntingdon, TN 38344
(731)986-5551

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Position of Parties with respect to sentencing factors (Defendant) was served upon Hon. David Pritchard, Assistant United States Attorney by electronic filing and upon Nicole Goodman, Supervisory U.S. Probation Officer by U.S. Mail, postage pre-paid to 101 Federal Building, 109 South Highland, Jackson, TN  38301 and/or via email to nicole_goodman@tnwd.uscourts.gov .

This the 14th day of December 2020.

/s/Steven L. West
Steven L. West
